**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LINDA J. HART,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:14-CV-3707-P-BH** |
| | ) | |
| **EPA, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** without prejudice.

## I. BACKGROUND

On October 16, 2014, Linda J. Hart (Plaintiff) filed this civil action against 38 defendants and moved to proceed *in forma pauperis* and for appointment of counsel. (Compl. (doc. 3.) On October 17, 2014, she filed two separate handwritten supplements to her complaint. (*See* docs. 7, 8.) Plaintiff has previously filed numerous suits in this district that have been dismissed.[1]

In *Linda J. Hart, et al., v. Nordstrom*, No.4:14-CV-660-Y, the Court determined that Probate Court Number One for Tarrant County, Texas, entered an order establishing a temporary guardianship over Plaintiff on June 19, 2014.[2] The probate court's order reflected its finding that

[1]*See Hart v, King, et al.*, No.4:14-CV-779-A (N.D. Tex. September 30, 2014); *Hart v. Frost Bank, et al.*, No. 4:14cv-771-Y (N.D. Tex. September 30, 2014); *Century 21, et al.*, No.4:14-CV-766-O (N.D. Tex. September 18, 2014); *Hart v. O'Brien, et al.*, No.4:14-CV-762-A (N.D. Tex. September 17, 2014); *Hart v. FedEx Office, et al.*, No.4:14-CV-746-O (N.D. Tex. September 18, 2014);*Hart, et al. v. Nordstrom, et al.*, No.4:14-CV-660-Y (N.D. Tex. Sep.16, 2014); *Hart v. Tarrant County Probate Court No.1*, No.4:14-CV-590-Y (N.D. Tex. July 29, 2014); *Linda Jane Hart, et al., v. Legacy Oil Corp. et al.*, No. 4:14-CV-580-A (N. D. Tex. Aug. 21, 2014); *In re Linda Jane Hart*, No.4:14-CV-526-A (N.D. Tex. July 9, 2014).

[2] The Court takes judicial notice of the record in *Hart v. Nordstrom*, No.4:14-CV-660-Y (docs. 31-33), as permitted by Fed. R. Evid. 201(b)(2).

Plaintiff is an incapacitated person and appointed Greg Shannon as her temporary guardian. It expressly granted him the power to "represent [Plaintiff] in any legal action, subject to Court approval." The temporary guardianship over Plaintiff remains in effect. Although her complaint states her belief that the "temporary guardianship was terminated" because "it was void," Plaintiff has provided no competent proof that the guardianship has been dissolved. (*See* doc. 3 at 21.)

## II. DISMISSAL FOR LACK OF CAPACITY

Under Federal Rule of Civil Procedure 17(b) the capacity of a party to sue or be sued is determined: "for an individual who is not acting in a representative capacity, by the law of the individual's domicile." Fed. R. Civ. P. 17(b). The United States Court of Appeals for the Fifth Circuit has held that "individuals are incompetent for Rule 17 purposes if they lack 'the capacity to litigate under the law of [their] domicile.'" *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) ("[I]n the context of someone seeking to pursue litigation in federal court on his own behalf, we interpret the term 'incompetent person' in rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile, and hence under Rule 17(b)")).

The Fifth Circuit recognized that under Texas common law, "the standard is whether individuals, 'by reason of mental or bodily infirmity, [are] incapable of properly caring for their own interests in litigation.'" *Magallon*, 453 F.3d at 271 (citing *Lindly v. Lindly*, 102 Tex. 135, 141, 113 S.W. 750 (1908)). Furthermore, "as a general rule, when a person has been declared to be incapacitated and a guardian has been appointed, only the guardian of the ward's estate may bring a lawsuit on behalf of the ward." *Howell v. Thompson*, No.11-09-00340-CV, 2011 WL 664763, at *2 (Tex. App.-Eastland 2011, no writ) (citing *In re Guardianship of Archer*, 203 S.W.3d 16, 21

(Tex. App.—San Antonio 2006, pet. denied)); *see also* Tex. Estates Code Ann. § 1151.104(a) ("The guardian of the estate of a ward appointed in this state may commence a suit for: (1) the recovery of personal property, debts, or damages; or (2) title to or possession of land, any right attached to or arising from that land, or injury or damage done."); *Id.* at 1151.101(a)(4) ("[T]he guardian of the estate of a ward is entitled to . . . bring and defend suits by or against the ward.").

As found in No.4:14-CV-660-Y, Plaintiff continues to lack capacity to file suit under Rule 17(b) because she was, and is still, subject to a guardianship that expressly includes representation of her in any legal action.[3] Under the order establishing the temporary guardianship, only the appointed guardian is authorized to file suit on her behalf. Because Plaintiff lacked the capacity to initiate a lawsuit, this suit must be dismissed.

## III. RECOMMENDATION

The complaint should be **DISMISSED WITHOUT PREJUDICE** to re-filing either by the appointed guardian with proper approval from the probate court, or by Plaintiff with competent proof of the dissolution of the guardianship.

**SIGNED this 20th day of October, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

[3] In *Thomas*, 916 F.2d at 1033-34, the Fifth Circuit determined that a *pro se* litigant is entitled to a hearing to determine capacity, but it was careful to distinguish the case from those situations "where a party is under an existing guardianship or has otherwise been judicially found to be incompetent." *Id.* at 1033 n.1.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE